UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

BRIAN GROSS and

MARIE GROSS,

Debtors.

Case No. 09-21095

Chapter 7

Jerrold N. Poslusny, Jr.

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

This decision concerns two related motions filed by Brian and Marie Gross (the "Debtors"). The first motion seeks authority to amend Schedule C (the "Motion to Amend"). The Court issued an oral decision related to a portion of the Motion to Amend on December 15, 2021 (the "Previous Decision"), ruling that the Debtors could amend their exemptions on Schedule C, but sought additional briefing regarding whether debtors are permitted to exempt a value greater than the equity they hold in their marital residence as of the petition date. The second motion seeks to avoid a judgment lien held by Donald and Russell Rossiter (the "Creditors"), pursuant to section 522(f) of the Bankruptcy Code (the "Avoidance Motion"). Although motions under section 522(f) are typically straightforward, the unusual history of this case requires the Court to make several determinations before considering the underlying merits of the motions themselves.

### Background

The Debtors filed their bankruptcy petition on April 30, 2009 (the "Petition Date"). At that time, section 522(d)(1) of the Bankruptcy Code allowed for a maximum exemption of $20,200, or $40,400 for joint debtors, in property used as a residence. The Debtors claimed an exemption of $880 in their real property located at 540 Maidstone Drive, Williamstown, New Jersey (the

"Property"), with a value of $340,000 and a mortgage lien in the amount of $305,19.66. Dkt. No.1. An appraisal obtained by the Debtors in 2009 determined the value of the Property to be $325,000. Dkt. No. 45-7.

A judgment (the "Judgment") in the amount of $335,000 was entered on August 4, 2010, against Marie Gross, holding that her debt to Emma Caltabiano was nondischargeable pursuant to section 523(a)(4). Adv. Pro. No. 09-02129, Dkt. No. 7. The remainder of the Debtors' debts were discharged and the case was closed on May 26, 2010. The Judgment was docketed in the Superior Court of New Jersey on October 27, 2010 (the "Judgment Lien"). The Judgment was assigned to the Creditors on July 13, 2017. Dkt. No. 37. Ms. Gross and Russel Rossiter are the grandchildren of Emma Caltabiano. Dkt. No. 37. More than ten years after the case was closed, the Debtors filed a motion to reopen the case, which motion was served on Emma Caltabiano's attorney, and an order reopening the case was docketed. Dkt. Nos. 30, 32, 33.

As noted, the Court previously ruled that the Debtors could amend their Schedule C, but sought additional briefing on the issue of whether the exemption claimed under section 522(d)(1) was limited by the Debtors' equity in the Property. While the parties were briefing this issue, the Debtors filed the Avoidance Motion. Dkt. No. 45. Both parties filed briefs and a hearing was held on February 1 (the "Hearing"), at which both parties made argument.

## DISCUSSION

### A. Motion to Amend

On the Petition Date, section 522(d)(1) allowed a debtor to exempt "[t]he _debtor's aggregate interest, not to exceed $20,200 in value_, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. 11 U.S.C. § 522(d)(1) (emphasis added).

The Debtors' brief properly points out that there are two approaches to whether a debtor is entitled to claim the full exemption under section 522(d)(1) despite not having sufficient equity.

2

The split in the courts appears to revolve around the emphasized language above, with some courts focusing on the terms "debtor's aggregate interest" and other courts focusing on "not to exceed [a dollar amount] in value."

The courts that find a debtor's exemptions are not limited by its equity focus on the Bankruptcy Code use of the term "aggregate interest" in 522(d)(1). See In re Ricks, 40 B.R. 507 (Bankr. D.D.C. 1984) (citing In re Chesanow, 25 B.R. 228 (Bankr. D. Conn.1982)). In Chesanow, the court noted that a debtor's interest in property is not extinguished by his lack of equity therein, so it follows that the debtor may claim an exemption in property as to which he has no equity since Bankruptcy Code section 522(d)(1) refers to "the debtor's aggregate interest." Chesanow, 25 B.R. at 230. The court in Ricks agreed, pointing out that a debtor's "'aggregate interest' includes the right to possession, the right to redeem after default but prior to foreclosure (the "equity of redemption"), and the right to make mortgage payments in the future and thus create a future equity." Ricks, 40 B.R. at 508. The Chesanow court found that where the interest exempted "derives from the debtor's possession of his property, his contractual rights, vis-a-vis, his mortgage and his right to make mortgage installment payments and achieve an equity position in the future, the judicial liens impair that exemption and thus frustrate the debtor's congressionally mandated fresh start." Chesanow, 25 B.R. at 231. While these cases are cited by multiple courts, there is limited caselaw in the last twenty years discussing this approach.

Other courts have reached the opposite conclusion. See In re Gaylor, 123 B.R. 236 (Bankr. E.D. Mich.1991); In re Sanglier, 124 B.R. 511 (Bankr. E.D. Mich. 1991). These cases have focused on the statutory language limiting any exemption to the debtor's "interest in property which does not exceed a particular value." Gaylor, 123 B.R. at 238 (emphasis original). Gaylor also points to the legislative history, which indicates that an exemption cannot be taken to the extent it is encumbered by a lien:

3

> Thus, for example, a residence worth $30,000 with a mortgage of $25,000 will be exemptable [sic] to the extent of $5,000. This follows current law. The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.

Id. (quoting H.Rep. No. 95–595, 95th Cong., 1st Sess. 360–61 (1977), 5 U.S. Code Cong. & Admin. News 1978, 6316). The Gaylor court ultimately concluded that "the language of the statute, its legislative history, case law and the leading treatises support the conclusion that a debtor's maximum allowable exemption under § 522(d) is his equity in the property or the applicable statutory ceiling, whichever is less." Id. at 240. Similarly, the court in In re Johnson found that "a debtor's right to an exemption 'is available to the debtor only to the extent that he holds an interest in the property that is not subject to unavoidable liens.'" 439 B.R. 416, 444–45 (Bankr. E.D. Mich. 2010) (citing Gaylor, 23 B.R. at 239).

While there is little recent caselaw directly on point, the language used by courts when discussing available exemptions supports the view taken by Gaylor. For example, in Schwab v. Reilly, the Supreme Court discussed exemptions, noting that a debtor is authorized to exempt an interest, the value of which may not exceed a certain dollar amount. 560 U.S. 770, 785 (2010). While this does not discuss whether that dollar amount is further determined by the debtor's "equity," it supports the conclusion that a debtor's "aggregate interest" is a dollar figure of equity. Further, the Court cites approvingly to Norton Bankruptcy Law and Practice, which discusses the debtor's "interest" as the term is used in section 522(d), noting "[t]he value of property that can be exempted is computed by subtracting the amount of any unavoidable liens from the market value of the property; only the unencumbered portion can be exempted." 3 Norton Bankr. L. & Prac. 3d § 56:7 Framework of the federal exemptions (Code § 522(d)) – "Value" for purposes of Code §522(d). The summary concludes that the amount of exemption available for use by the debtor is equal to the lesser of the equity in the property or the maximum value of the exemption claimed. Id. (citing In re Dore, 124 B.R. 94, 95 (Bankr. S.D. Cal. 1991) ("exemptions are available only to

the extent that the debtor possesses equity in the property sought to be exempted."). See also 4 Collier on Bankruptcy ¶ 522.09 [1] (16th ed. 2021)

After reviewing the caselaw and considering the arguments submitted by the parties, the Court adopts the latter approach – the Debtors may not claim an exemption greater than their equity under section 522(d)(1). This is more consistent with the plain language of the Bankruptcy Code. As noted, the Debtors had obtained an appraisal indicating the Property held a value of $325,000. However, when asked at the Hearing, the Debtors' challenged their own appraisal, and maintained that the value of the Property was $340,000. Because the amount of the Debtors' equity in the Property is dependent on the Property valuation, an evidentiary hearing is necessary to determine the value of the Property as of the Petition Date, and thereby the Debtors' available exemptions in the Property.[1] The parties shall confer on time needed for discovery and contact chambers to schedule a hearing.

*i. Remaining Arguments*

The Creditors make several other arguments. First, they argue that because Marie Gross holds only a one-half interest in the equity, in this case $9,940.17 (assuming a total equity of $19,880.34), this is the limit of her exemption. Id. The Creditors failed to clarify why this would impact the analysis as the Debtors filed jointly, entitling them to the exempt the full amount of equity. The Creditors offered no legal support for this argument, and the Court found none.

The Creditors, as they did in relation to the Previous Decision, argue laches. As noted in the in the Previous Decision, laches does not apply to a motion to amend schedules, but caselaw shows limited support for the proposition that a motion to reopen a case for the purposes of amending exemptions may be denied due to laches. See In re Mayhugh, 427 B.R. 549 (Bankr. S.D.

---

[1] Although all of Debtors' equity in the Property as of the Petition Date will be exempt, the Court still must hold the valuation hearing to determine the maximum exemption in the Property to which the Debtors are entitled, as this judgment is nondischargeable and potentially could be reattached to any future equity created in the Property.

5

Fla. 2010). However, this case has already been reopened. See Dkt. No. 33. Despite this, the Creditors implore the Court to consider laches as it applies to reopening of a case. To the extent that the Creditors' argument relates to the motion to reopen the case, that motion has already been granted, and the only motions pending before this Court are the Motion to Amend and Avoidance Motion. As such, the Court will not consider any of the arguments made by the Creditor in relation to motion to reopen, whether those include a lack of notice or the application of laches, as that matter is not properly before this Court.

Next, the Creditors argue that the order reopening this case was for the limited purpose of filing a motion pursuant to section 522(c). However, the Order reopening the case did not limit or prohibit the actions that could be taken by the Debtors after the case was reopened. See Dkt. No. 33.

Therefore, the Court finds there is nothing preventing the Debtors from amending Schedule C. The Court is not aware of any caselaw supporting the argument that laches would prohibit a debtor from amending its schedules in an open case. Further, the Supreme Court has ruled that the Bankruptcy Code grants no power to courts to deny exemptions based upon a debtor's bad-faith conduct. Law. v. Siegel, 571 U.S. 415, 425 (2014). "Section 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt." Id. at 434. As such, the Court overrules the Creditors' equitable objections to the Motion to Amend.

### B. Avoidance Motion

Section 522(f)(2)(A) sets forth a straightforward formula to determine the extent that an avoidable lien impairs an exemption:

> to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that

6

> the debtor's interest in the property would have in the absence of any liens.

In re Maslowski, 2020 WL 5810569, *2 (D.N.J. 2020) (citing In re Miller, 299 F.3d 183, 185 (3d Cir. 2002) (quoting 11 U.S.C. § 522(f)(2)(A)). Section 522(f) does not limit a debtor to the exemption claimed, if any, pursuant to Section 522(d)(1) in Schedule C for purposes of the calculation under Section 522(f)(2); rather, the debtor is entitled to use an exemption in the amount corresponding to the amount to which the debtor would have been entitled under Section 522(b) for purposes of the calculation. Owen v. Owen, 500 U.S. 305, 310 (1991).

In this case, as of the Petition Date there were unavoidable liens in the amount of $305,119.66. Further, as noted, the Debtors may claim an exemption under section 522(b) of $40,400, and therefore, regardless of whether the Property is determined to be valued at $340,000, or $325,000, the Judgment Lien would impair the Debtors' exemption and could be stripped pursuant to section 522(f).

Indeed, the Creditors do not dispute any of the facts or figures listed above but instead argue that section 522(f) is inapplicable to the Judgment Lien. In its Opposition the Creditors argue that section 522(f) does not apply to liens that did not exist at the time of the filing of the petition because it did not impair an exemption to which the debtor would have been entitled. Dkt. No. 47.

However, the Debtors point to In re Corio, in which the Third Circuit rejected this position, finding that post-petition liens can be avoided under section 522(f). 371 F. App'x 352, 356 (3d Cir. 2010). The court dismissed the argument that post-petition liens cannot impair a debtor's exemption, noting that "[t]he rule that a debtor's entitlement to an exemption is determined as of the filing date simply means that a debtor generally may not claim an exemption in property that he did not own on the filing date." Id. Further, the court cited approvingly to the Tenth Circuit BAP in finding that "[b]y its plain language, [§ 522(f)] contains no qualifications as to when the lien must attach" Id. (quoting In re Vaughan, 311 B.R. 573, 580 (10th Cir. BAP 2004)).

The Creditors next argue that the Previous Decision ruled that section 522(f) could not be used to avoid post-petition liens. This is not the case. The issue the Court addressed in its Previous Decision dealt with whether the Judgment Lien fell into the exception listed under 522(c)(2). As explained in the Previous Decision, section 522(c) "provides that exempt property is not liable, either during or after the case, for any <u>debt of the debtor that arose before the commencement of the case</u>." 4 <u>Collier on Bankruptcy</u> ¶ 522.14 (emphasis added). However, section 522(c)(2) creates an exception to this general rule, for a debt secured by a lien that is not avoided under section 522(f) or (g) or under section 544, 545, 547, 548, 549, or 724(a) of this title. 11 U.S.C. § 522(c)(2). The Court found that a judgment lien which was not recorded until after a bankruptcy case was closed, would not qualify under the exception laid out under section 522(c)(2), because it would require a debtor to either file a 522(f) motion prior to any lien being implemented, or require a debtor to reopen a closed case just to avoid the lien. Therefore, this argument "would require the Court to find that subsection (2)(A)(i) applies to liens that did not exist at the time a bankruptcy case is pending, and I decline to adopt that view." <u>Previous Decision</u> at 8:30. This is distinct from the issue of whether section 522(f) is applicable to post-petition liens. The Court does not find anything inconsistent in stating that a Debtor is permitted to strip post-petition liens under section 522(f), and that post-closing liens do not qualify under the exception laid out in section 522(c)(2). However, to the extent they are inconsistent, the Court is bound by the Third Circuit's decision in <u>Corio</u>. Therefore, the Court rejects the Creditor's argument, and finds the Debtors may avoid post-petition liens under section 522(f).

## Conclusion

The Court has previously ruled the Debtors are entitled to amend their schedules and claim a larger exemption under section 522(d), and this ruling stands. The Court now concludes the Debtors' exemptions are limited to the equity they have in the Property as of the Petition Date and

because the parties do not agree on the Property's value, an evidentiary hearing is required. Further, the lien imposed by the Creditors impairs the Debtors' exemption, under any valuation currently being considered, and so the Avoidance Motion is Granted.

Dated: March 7, 2022

                                                  JERROLD N. POSLUSNY, JR.
                                                U.S. BANKRUPTCY COURT JUDGE